FILED
U.S. DISTRICT COURT
2012 JAN 23 PM 4: 27
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JESUS ROBLES,

  Plaintiff,

vs.

BUREAU OF PRISONS; THOMAS
R. KANE; THE GEO GROUP; and
DONALD STINE,

  Defendants.

CIVIL ACTION NO.: CV511-120

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jesus Robles ("Plaintiff"), an inmate currently incarcerated at D. Ray James Correctional Facility ("D. Ray James") in Folkston, Georgia, filed a cause of action pursuant to[1] 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). A plaintiff proceeding in a civil action pursuant to <u>Bivens</u> must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction.

---

[1] Plaintiff contends that his cause of action is brought pursuant to 42 U.S.C. § 1983. However, Plaintiff's cause of action is against a company that operates a facility under a contract with the United States Government to house federal prisoners, the warden of that facility, the Bureau of Prisons, and an assistant director of the Bureau of Prisons. Therefore, his cause of action is appropriately brought, if at all, pursuant to <u>Bivens</u>.

AO 72A
(Rev. 8/82)

Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that D. Ray James violates his rights by failing to provide a food program that is nutritionally adequate. Specifically, Plaintiff is dissatisfied with the quality of meat served, stating that most meat provided is soy-based. (Doc. No. 1, pp. 7, 9). Plaintiff also states that he fears for his safety due to other inmates' negative reactions to the food served. Plaintiff has sued: The GEO Group, Inc., the company that owns and operates D. Ray James; Donald Stine, Warden at D. Ray James; the

Bureau of Prisons; and Thomas R. Kane, an assistant director for the Bureau of Prisons.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a claim under Bivens, a plaintiff must allege that a federal actor deprived him of some constitutional right. Bivens, 403 U.S. 388; Hindman v. Healy, 278 F. App'x 893 (11th Cir. 2008).

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" Thomas v. Bryant, 614 F.3d 1288, 1306 (11th Cir. 2010) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)). "Thus, in its prohibition of 'cruel and unusual punishments,' the Eighth Amendment requires that prison officials provide humane conditions of confinement. However, [ ] only those conditions which objectively amount to an 'extreme deprivation' violating contemporary standards of decency are subject to Eighth Amendment scrutiny." Id. at 1306–07 (quoting Hudson v. McMillian, 503 U.S. 1, 8–9 (1992)). "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson, 503 U.S. at 9 (internal punctuation and citation omitted).

Plaintiff has expressed his dissatisfaction with the meals served at D. Ray James. However, he has not shown that he has been denied the minimal civilized measure of food. As a result, Plaintiff has not shown that his constitutional rights have been violated as a result of the meals served at D. Ray James.

The Eighth Amendment's prohibition against the use of cruel and unusual punishment also imposes a constitutional duty upon prison officials to "take reasonable

3

measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832 (citation omitted). Plaintiff states that he has felt concern for his safety "due to other inmates (near rioting) negative reaction to the poor food[.]" (Doc. No. 1, p. 6). However, Plaintiff has not provided any facts showing that his safety has been in jeopardy. In fact, Plaintiff details an alleged situation in which officials at D. Ray James successfully prevented a prisoner-led demonstration, thus keeping all prisoners safe. (Doc. No. 1, pp. 5–6). Plaintiff has not shown that officials at D. Ray James do not take reasonable measures to guarantee his safety; therefore, he has not shown that his constitutional rights have been violated.

In addition to Plaintiff's inability to show that he has suffered from a deprivation of a constitutional right, Plaintiff has attempted to pursue his claims under an inappropriate avenue for relief as to two of the named Defendants. In Corr. Services Corp. v. Malesko, 534 U.S. 61 (2001), the Supreme Court held that a Bivens action was not the appropriate remedy against a private entity operating a halfway house under contract with the Bureau of Prisons. The Court determined that the plaintiff could not maintain a Bivens action against the correctional company because the goal of Bivens is to "deter individual federal officers from committing constitutional violations." Id. at 70.

The Eleventh Circuit has decided a similar issue as that presented in Malesko, but with respect to employees of private correctional facilities. In Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008), the court, following Malesko, declined to extend Bivens to cover claims for inadequate medical care against Corrections Corporation of America and its employees. In Alba, the plaintiff, a prisoner at a private facility owned and operated by Corrections Corporation of America under contract with the Bureau of

4

AO 72A
(Rev. 8/82)

Prisons, underwent surgery for a benign goiter in his throat while in their custody. The plaintiff alleged that the surgery damaged his vocal cords and that he received inadequate post-operative care. The plaintiff sued employees of the facility, alleging that they acted with deliberate indifference to his medical needs. The Eleventh Circuit affirmed the dismissal of the plaintiff's claim, noting that the Supreme Court had only twice extended Bivens, and had declined to do so in Malesko. Id. at 1253. Additionally, the court determined that the plaintiff could avail himself of adequate state remedies. Id. at 1254-55.

D. Ray James is a private entity that operates under a contract with the Bureau of Prisons. The employees of D. Ray James are employees of The GEO Group, Inc., a private entity. Like the plaintiffs in Malesko and Alba, Plaintiff may not maintain a cause of action pursuant to Bivens against The GEO Group, Inc., or its employees because The GEO Group, Inc., and its employees are private parties. Consequently, Plaintiff cannot bring a Bivens action against The GEO Group, Inc., or Donald Stine, Warden at D. Ray James.

Plaintiff fails to make any factual allegations that the Bureau of Prisons and Thomas R. Kane are involved in any way with the food served at D. Ray James or with controlling inmates' reactions to the food. As a result, Plaintiff has not shown that he is entitled to relief against the Bureau of Prisons or against Thomas R. Kane.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of January, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)