IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JESUS ROBLES,

    Plaintiff,

vs.                                        CIVIL ACTION NO.: CV511-120

BUREAU OF PRISONS; THOMAS
R. KANE; THE GEO GROUP; and
DONALD STINE,

    Defendants.

## ORDER

Plaintiff Jesus Robles ("Plaintiff") filed Objections to the Magistrate Judge's Report dated January 23, 2012, which recommended that Plaintiff's Complaint, brought pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), be dismissed. In his Objections, Plaintiff argues that his claims sufficiently show that his constitutional rights have been violated. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

Plaintiff has sued The GEO Group, Inc., a private company that owns and operates D. Ray James Correctional Facility, the prison where Plaintiff is housed. Additionally, Plaintiff has sued Donald Stine, Warden at D. Ray James. As discussed in Corr. Services Corp. v. Malesko, 534 U.S. 61 (2001), and Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008), a Bivens action is not an appropriate remedy against private entities or employees of private entities. Consequently, the Magistrate Judge determined that Plaintiff may not maintain a cause of action against The GEO Group,

AO 72A
(Rev. 8/82)

Inc., or Donald Stine pursuant to Bivens. Nothing in Plaintiff's Objections convinces the Court to draw a different conclusion.

Plaintiff also named the Bureau of Prisons and Thomas R. Kane, an assistant director for the Bureau of Prisons, as Defendants in this case. As the Magistrate Judge observed, "Plaintiff fails to make any factual allegations that the Bureau of Prisons and Thomas R. Kane are involved in any way with the food served at D. Ray James or with controlling inmates' reactions to the food." (Doc. No. 9, p. 5). In his Objections, Plaintiff asserts that Thomas R. Kane, or the Bureau of Prisons as a whole, was negligent in supervising decisions regarding the food served at D. Ray James. Thomas R. Kane and the Bureau of Prisons are not liable for any unconstitutional actions of employees of the facility with which they have a contract to house federal prisoners. In a Bivens suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009). The Magistrate Judge correctly determined that Plaintiff did not state a claim against Thomas R. Kane or the Bureau of Prisons.

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Plaintiff's Complaint is **DISMISSED**.

**SO ORDERED**, this \_\_14\_\_ day of \_\_February\_\_, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)